J-S28013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAYLOR MCCOY WIKE, III | : | |
| | : | |
| | : | No. 210 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 16, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000609-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:          **FILED: SEPTEMBER 12, 2022**

Appellant, Taylor McCoy Wike, III, appeals from his judgment of sentence entered on December 16, 2021, as made final by the denial of his post-sentence motion on January 3, 2022.  We affirm.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court provided a thorough summary of the historical facts established at trial in this case. *See* Trial Court Opinion, 4/18/22, at 1-6.  We adopt the trial court's recitation of these facts and incorporate it herein as if set forth at length.

At the conclusion of trial on September 16, 2021, a jury found Appellant guilty of persons not to possess, use, manufacture, control, sell or trade firearms and firearms not to be carried without a license.[1]  On December 16,

---

[1] 18 Pa.C.S.A §§ 6105(a)(1), 6106(a)(1), respectively.

2021, Appellant was sentenced to an aggregate term of five and one-half to 11 years' incarceration.[2] Sentencing Order, 12/16/21. The trial court denied Appellant's post-sentence motion on January 3, 2022. This appeal followed.[3]

Appellant presents the following issue for review:

> Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that [Appellant] was guilty of [ ] [persons not to possess] and firearms not to be carried without a license [ ] where there was insufficient evidence that [Appellant] knowingly possessed the firearm or had the intent and power to control the firearm found?

Appellant's Brief at 4.

Appellant concedes that his prior criminal record disqualifies him from possessing a firearm. *Id.* at 11 n.1. Appellant argues instead that the Commonwealth failed to prove beyond a reasonable doubt that he constructively possessed[4] the firearm at issue. *Id.* at 11-12. He claims the

---

[2] The trial court imposed a sentence of five and one-half to 11 years' incarceration for person not to possess and a concurrent term of three and one-half to seven years' incarceration for firearms not to be carried without a license.

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[4] Constructive possession is "an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. McClellan*, 178 A.3d 874 (Pa. Super. 2018). It is a legal fiction which is defined as "conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019). Constructive possession may be established by circumstantial evidence and is viewed in the totality of the circumstances. *Id.* at 36-37.

circumstantial evidence presented at trial failed to establish his knowledge of, or intent to control, the recovered firearm, which was registered to his girlfriend and found under a blanket in the rear hatch compartment of the vehicle he was driving. *Id.* at 13-14. Instead, he maintains that he first learned of the weapon when his girlfriend telephoned and asked him to retrieve her personal property from the rear of the vehicle before it was towed at the direction of the police. *Id.* at 15. Appellant maintains that a change in his demeanor, to one of "shock" and "nervousness" upon discovery of the firearm, supports his claim that he did not know that the firearm was present in the vehicle. *Id.* at 15-16. This claim is unavailing.

We have carefully reviewed the certified record, the submissions of the parties, and the thorough opinion of the trial court filed pursuant to Pa.R.A.P. 1925(a). We are satisfied that the trial court adequately and accurately addressed the issue raised by Appellant on appeal. It is our conclusion that the trial court correctly stated the applicable standards of review, thoroughly addressed the issue presented, and aptly determined Appellant's claim is meritless. Accordingly, we affirm the judgment of sentence based on the trial court's opinion, and we adopt its analysis and reasoning as our own. The parties are directed to attach a copy of the April 18, 2022 trial court opinion to all future filings pertaining to the disposition of this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/12/2022